IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VISUAL INTELLIGENCE LP,<br><br>    *Plaintiff*,<br><br>v.<br><br>TELEDYNE OPTECH, INC.,<br><br>    *Defendant*. | Case No. 4:13-cv-02612<br><br>**Judge Sim Lake**<br><br>**Jury Trial Demanded** |

### VISUAL INTELLIGENCE LP'S EXPEDITED MOTION TO STAY PROCEEDINGS, OR ALTERNATIVELY, TO EXTEND DEADLINES, AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff Visual Intelligence LP ("VI") hereby moves for a stay of proceedings, or alternatively, for an extension of the deadlines in the Second Amended Scheduling Order [Dkt. No. 85] pending the Court's resolution of VI's Motion to Disqualify Counsel for Defendant Optech, Inc. [Dkt. No. 89] (the "Motion to Disqualify").  Plaintiff VI respectfully requests expedited consideration of the present motion in view impending expert and discovery deadlines.

The improper actions of counsel for Defendant Teledyne Optech, Inc. ("Optech") are fully detailed in the pending Motion to Disqualify.  Through multiple *ex parte* meetings and communications, Optech's counsel have intentionally interfered with the contractual relationship between VI and one of the inventors of VI's asserted patents, Mr. Leo J. Peters, III, and they have thereby denied VI the assistance of Mr. Peters in this lawsuit.  Optech's counsel have also induced Mr. Peters to disclose to them, without VI's prior knowledge or authorization, numerous documents containing VI's privileged and confidential information.  The actions of Optech's counsel have severely tainted the administration of justice in this proceeding.

1

Plaintiff VI's interests should not be further prejudiced by requiring it to continue litigating against Optech while Optech is represented by its current counsel.  For example, VI's witnesses should not be forced to submit to depositions conducted by counsel for Optech who have had access to VI's privileged information, particularly when those depositions may be used against VI in future litigation against other infringers of VI's asserted patents.  Plaintiff VI also should not be forced to incur the potentially unnecessary costs of litigating against Optech while it is represented by its current counsel, since the proceedings will have to be repeated if the Court grants the Motion to Disqualify.  A stay should be entered to preserve the status quo and to prevent VI from being further harmed by the improper conduct of Optech's counsel.

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff VI filed this patent infringement case on September 5, 2013, alleging that Defendant Optech has infringed, and continues to infringe, two of VI's patents – U.S. Patent No. 7,127,348 ("the '348 Patent") and U.S. Patent No. 7,725,258 ("the '258 Patent").  The Court held a claim construction hearing on January 28, 2015, during which the Court issued rulings construing some of the disputed claim terms.  The Court construed the remaining disputed claim terms in a Memorandum Opinion on Claim Construction issued on February 26, 2015 [Dkt. No. 65].  Plaintiff VI recently learned the true nature and scope of the improper conduct of Optech's counsel and filed the Motion to Disqualify [Dkt. No. 89) on June 16, 2015.  Optech filed its opposition brief on July 7, 2015 [Dkt. No. 95), and VI intends to file a reply.  The deadline to exchange responsive expert reports is currently July 13, 2015, and fact discovery closes on July 24, 2015.  No trial date has been set.

## STATEMENT OF THE ISSUES

This motion presents the issue of whether the case should be stayed or, alternatively, whether the deadlines in the Second Amended Scheduling Order should be extended, pending the Court's resolution of VI's Motion to Disqualify. A district court has wide discretion to stay a pending matter in order to control its docket and benefit the interests of justice. *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *In re Wells Fargo Wage & Hour Empl. Practices Litig. (No III)*, 2015 U.S. Dist. LEXIS 14195 at 6 (S.D. Tex., Feb. 6, 2015); *Emtel, Inc. v. LipidLabs, Inc.*, 2013 U.S. Dist. LEXIS 56312 at 15 (S.D. Tex., April 19, 2015). The decision to grant or deny a stay "is a matter of judgment and it is reviewed by the Court of Appeals only for abuse of discretion." *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 784 (5th Cir 1997)(citation omitted). In deciding whether to stay litigation, courts usually consider three factors: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Mirror Worlds Techs., LLC v. Dell Inc.*, 2014 U.S. Dist. LEXIS 181413 at *5 (E.D. Tex. Sept. 29, 2014) (*quoting Soverain Software, LLC v. Amazon.com, Inc.*, 356 F.Supp. 2d 660, 662 (E.D. Tex. 2005); *Emtel Inc., v. LipidLabs, Inc.*, 2013 U.S. Dist. LEXIS 56312 at *14-15, (S.D. Tex. Apr. 19, 2013).

## ARGUMENT

Plaintiff VI's interests will continue to be prejudiced if the proceedings move forward with Optech represented by its current counsel. VI's witnesses should not be forced to submit to depositions conducted by counsel for Optech who have an unfair advantage since they have had access to VI's privileged information. Further, since those depositions may be used in future litigation against other infringers of the asserted patents, the impact of Optech's wrongful

3

conduct could extend far beyond the current lawsuit if proceedings are not stayed. In addition, if the case is not stayed, Plaintiff VI will be forced to incur potentially unnecessary costs by litigating against Optech while it is represented by its current counsel, since the proceedings will have to be repeated if the Court grants the Motion to Disqualify. In contrast, a stay will not unduly prejudice Optech or place it in a clear tactical disadvantage.

A.	**Plaintiff VI will be Prejudiced in the Absence of a Stay**

    1.	**Plaintiff VI's witnesses should not be forced to submit to depositions conducted by counsel who have an unfair advantage.**

As noted in VI's Motion to Disqualify and briefly addressed below, Optech's counsel, Goldman Ismail, has severely tainted the administration of justice in these proceedings. As fact and expert discovery continues in this case, VI's witnesses are being forced to submit to depositions conducted by Optech's current counsel, who have an unfair advantage since they have had access to VI's privileged information. VI's interests are severely prejudiced in these circumstances since the depositions could be used against VI in future litigation against other infringers of the asserted patents. Thus, the improper conduct of Optech's current counsel could further taint future litigation unless a stay is granted.

Three days after VI filed its Motion to Disqualify, Optech's current counsel, Goldman Ismail, served six deposition notices[1] on VI witnesses and wishes to take those depositions by the close of fact discovery on July 24, 2015. If the stay is not granted, VI's witness will likely be forced to submit to the depositions. In addition, after VI filed its Motion to Disqualify, Optech's counsel served additional interrogatories[2] and requests for production[3] upon VI. VI's witnesses

---

[1] Exhibits A1-A6
[2] Exhibit A7
[3] Exhibit A8.

should not be forced to submit expert reports or submit to depositions while Optech is represented by counsel who have an unfair advantage.

### 2. Plaintiff VI should not be forced to incur unnecessary litigation costs.

If the Court grants VI's Motion to Disqualify, Optech's replacement counsel will conduct its own discovery, thereby making further discovery by Optech's current counsel duplicative and requiring VI to incur further unnecessary costs. First, as noted above, shortly after VI filed its Motion to Disqualify, Optech's counsel served six deposition notices[4] on VI witnesses and wishes to take those depositions by the close of fact discovery. If the stay is not granted, VI will be forced to move forward with the depositions. However, if the Court grants the Motion to Disqualify, those depositions would need to be retaken by Optech's replacement counsel, which would double the costs to VI and would be a substantial inconvenience to the witnesses.

Second, Goldman Ismail has requested to inspect VI's products.[5] While VI has made arrangements for the inspection,[6] VI employees as well as VI's counsel would need to attend the inspection. If they Court grants the Motion to Disqualify, VI's products would likely need to be re-inspected, which would again duplicate efforts and costs.

Third, after VI filed its Motion to Disqualify, Goldman Ismail sought additional discovery and served additional interrogatories[7] and requests for production[8] upon VI. Investigation and preparation of responses by VI will also run up additional costs, all of which may be for naught should the Court grant VI's pending Motion to Disqualify.

---

[4] Exhibits A1-A6.
[5] Exhibit A9.
[6] Exhibit A10.
[7] Exhibit A7.
[8] Exhibit A8.

B.     **Defendant Optech Would Not Be Prejudiced by a Stay**

While a stay is needed to preserve the status quo and prevent further prejudice to VI, there is nothing to indicate that Defendant Optech would be prejudiced by a stay. An extension of the deadlines in the scheduling order pending the Court's resolution of the Motion to Disqualify also would not prejudice Optech.

While Optech may argue that it is somehow burdened by a delay in the litigation, courts routinely hold that such delays do not, without more, unduly prejudice a litigant. *See, e.g., AT&T Intellectual Property I v. Tivo, Inc.*, 774 F.Supp.2d 1049, 1054, (N.D. Cal. Mar. 1, 2011) (explaining that stays during reexamination, for example, do not, by themselves, constitute undue prejudice). Further, any burden imposed on Optech by a stay or extension of deadlines certainly would not be unduly prejudicial since the wrongful conduct giving rise to the Motion to Disqualify was committed by Optech's counsel.

C.     **A Stay would Not Negatively Impact the Court's Trial Docket**

Courts are generally more inclined to grant a stay where the Court's schedule is not substantially affected, such as when a trial date has not been set. In the reexamination context, litigation is often stayed in this district while a disputed patent is undergoing reexamination at the United States Patent & Trademark Office. *See, e.g., Emtel, Inc., v. LipidLabs, Inc.*, 2013 U.S. Dist. LEXIS 56312 at *18-19 (S.D. Tex., Apr. 19, 2013); *Ascend Geo, LLC v. OYO Geospace Corp.*, 2009 U.S. Dist. LEXIS 115561 (S.D. Tex., Dec. 11, 2009). While a reexamination context does not involve disqualification of counsel, the issues raised in the Motion to Disqualify demonstrate that the prejudice to VI substantially outweighs any prejudice to the Optech, and a stay would not have an adverse impact on the Court's docket as a trial date has not been set.

## CONCLUSION AND PRAYER

For all of the foregoing reasons, Plaintiff VI respectfully asks the Court to stay the present case pending the Court's resolution of VI's Motion to Disqualify.  In the alternative, if the Court declines to stay the case, VI respectfully asks the Court to extend the deadlines in the Second Amended Scheduling Order pending resolution of the Motion to Disqualify.  This motion is accompanied by a proposed order staying proceedings in this case.

Dated:  July 13, 2015.                                                      Respectfully submitted,

/s/ Steven E. Ross
Steven E. Ross
Attorney-in-Charge
Texas Bar No. 17305500
(*Pro Hac Vice*)
Scott C. Sample
Texas Bar No. 24027952
(*Pro Hac Vice*)

**ROSS JOYNER PLLC**
1700 Pacific Ave., Suite 3750
Dallas, Texas 75201
Phone: 972-661-9400
Facsimile: 972-661-9401
sross@rossjoynerlaw.com
ssample@rossjoynerlaw.com

**ATTORNEYS FOR PLAINTIFF
VISUAL INTELLIGENCE LP**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he conferred with counsel for Defendant Optech, Inc. on June 10, 2015, regarding this motion and the relief requested herein.  Counsel for Defendant Optech, Inc. stated that Optech will oppose this motion.

/s/ *Steven E. Ross*
Steven E. Ross

## **CERTIFICATE OF SERVICE**

In accordance with Federal Rule of Civil Procedure 5 and Local Rule 5, I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system on **July 13, 2015.**

/s/ *Steven E. Ross*
Steven E. Ross

**LIST OF EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| A | Declaration of Steven E. Ross in Support of Visual Intelligence Lp's Expedited Motion To Stay Proceedings, or Alternatively, Extend Deadlines, and Memorandum In Support Thereof |
| A1 | Subpoena issued on June 24, 2015 by Optech to R. Bradford Perry |
| A2 | Deposition notice issued on June 24, 2015 by Optech to Armando Guevara |
| A3 | Deposition notice issued on June 24, 2015 by Optech to Jay Tilley |
| A4 | Deposition notice issued on June 24, 2015 by Optech to Joe McCoy |
| A5 | Deposition notice issued on June 24, 2015 by Optech to Kevin Brown |
| A6 | Deposition notice issued on June 24, 2015 by Optech to Phil Kern |
| A7 | Optech's Fifth Set of Interrogatories to Visual Intelligence served June 24, 2015 |
| A8 | Optech's Fourth Set of Requests for Production to Visual Intelligence served June 24, 2015 |
| A9 | Optech's Notice of Inspection of Visual Intelligence LP served May 22, 2015 |
| A10 | Email dated June 9, 2015 from Optech's Counsel, Doug Winnard to Steven E. Ross and other attorneys involved in this litigation. |